IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SPIRIT MASTER FUNDING VI, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:15-CV-1673 |
| v. | ) |
| | ) |
| WEHRENBERG, INC., | ) |
| | ) |
| Serve: Registered Agent | ) |
|     John B. Mitchell Jr. | ) |
|     12800 Manchester Road | ) |
|     St. Louis, MO 63131 | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Spirit Master Funding VI, LLC ("Spirit" or "Plaintiff") through undersigned counsel, and for its Complaint against Defendant Wehrenberg, Inc. ("Wehrenberg"), hereby alleges as follows:

## PARTIES

1. Spirit is a Delaware limited liability company with its principal place of business in Scottsdale, Arizona. Spirit is a wholly-owned bankruptcy remote subsidiary of its sole member, Spirit Realty L.P., a Delaware limited partnership with its principal place of business in Scottsdale, Arizona. Spirit Realty, L.P.'s general partner is Spirit General OP Holdings, LLC, a Delaware limited liability company with its principal place of business in Scottsdale, Arizona, and its limited partners are Spirit Realty Capital, Inc., a Maryland corporation with its principal place of business in Scottsdale, Arizona ("SRC") and another wholly-owned subsidiary of SRC, Spirit Notes Partner, LLC, a Delaware limited liability company with its principal place of business in Scottsdale, Arizona. The sole member of Spirit General OP Holdings, LLC is SRC. Spirit is therefore a citizen of the states of Arizona, Delaware, and Maryland. The sole member

of Spirit Notes Partner, LLC is SRC.  Spirit is therefore a citizen of the states of Arizona, Delaware, and Maryland.

2.     Wehrenberg is a corporation incorporated and organized under the laws of the State of Missouri with its principal place of business in Missouri.  Wehrenberg is therefore a citizen of the state of Missouri.  Wehrenberg is referred to herein as "Defendant."

## JURISDICTION

3.     This Court has subject matter jurisdiction over Spirit's claims pursuant to 28 U.S.C. § 1332 in that it is a suit between citizens of different states and the amount in controversy, exclusive of interests and costs, exceeds the sum of $75,000.

4.     There is complete diversity between the Plaintiff and the Defendant, as Plaintiff is an Arizona, Delaware, and Maryland citizen and Defendant is a Missouri citizen.

5.     Venue is proper in the Eastern District of Missouri, Eastern Division, pursuant to 28 U.S.C. § 1391(a)(2), for the reason that all or a substantial part of the events or omissions giving rise to the claim occurred in Jefferson County, Missouri within the Eastern District, Eastern Division and because Defendant agreed to submit to an action in St. Louis County, Missouri, also within the Eastern District, Eastern Division.

## GENERAL ALLEGATIONS

6.     Greater Missouri Builders, Inc. ("Lessor") and Defendant entered into a certain Theatre Lease Agreement effective as of January 15, 1998 (the "Lease"), whereby Defendant agreed to lease, from Lessor, a commercial property located in Arnold, Missouri (the "Property").

7.     A true and correct copy of the Lease, including amendments thereto, is attached hereto as **Exhibit A**.

8.     Defendant agreed to lease the Property for an initial term of twenty (20) years (the "Initial Term").

9. On or about June 14, 2006, the Lessor assigned all of its right, title and interest in the Lease to Cole WT Arnold MO, LLC, a Delaware limited liability company ("Cole").  A true and correct copy of the assignment is attached hereto as **Exhibit B**.

10. On or about July 17, 2013, Cole, along with certain other entities, merged into Spirit Master Funding IV, LLC, a Delaware limited liability company.  A true and correct copy of the Certificate of Merger are attached hereto as **Exhibit C**.

11. On or about November 26, 2014, Spirit Master Funding IV, LLC, through a property transfer agreement, assigned all of its right, title and interest in the Lease to Plaintiff.  A true and correct copy of the property transfer agreement is attached hereto as **Exhibit D**.

12. On or about December 18, 2014, Plaintiff Spirit Master Funding VI, LLC informed Defendant that it had acquired the Property, including all rights, title and interest under the Lease, from Spirit Master Funding IV, LLC.  A true and correct copy of the notice is attached as **Exhibit E**.

13. Pursuant to section 3.1 of the Lease, Defendant agreed to pay Base Rent[1] on a monthly basis.  During the sixteenth through twentieth years of the Initial Term, the Lease provides for base monthly rent in the sum of $74,797.63.

14. In addition to Base Rent, pursuant to section 4.1 of the Lease, Defendant agreed to pay additional Percentage Rent during each lease year in amount equal to the aggregate of ten percent (10%) of the annual Gross Box Office Receipts and eight percent (8%) of the Net Concession Sales, less the Base Rent payable during each Lease Year.

15. Defendant covenanted and agreed to carry and maintain insurance.  Lease, § 12.3.

16. Defendant agreed to pay its share of the CAM Operating Costs.  Lease, § 23.3.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to such term in the Lease.

17. Defendant failed to remit Base Rent or Percentage Rent, CAM Operating Expenses and insurance for October 2015.

18. On October 21, 2015, Spirit provided written notice of default and a demand for cure, as required under section 17.1 of the Lease, notifying Defendant of its failure to remit the October 2015 rental payment, as well as Defendant's failure to remit CAM Operating Expenses and insurance.

19. A true and correct copy of the Notice of Default and Demand for Cure is attached hereto as **Exhibit F**.

20. Under section 17.1 of the Lease, failure to cure the breach within fifteen (15) days of the notice of non-payment constitutes a default.

21. Defendant failed to cure the default within 15 days and a default occurred no later than November 5, 2015.

22. Upon the occurrence of a default, Spirit is entitled to, among other things, re-enter, repair and relet the Property to mitigate its damages and collect the deficiency from Defendant. *See* Lease, §§ 17.1, 17.2.

23. Under the terms of the Lease, the amounts received from reletting the Property shall be applied first, to the payment of any indebtedness other than rental due to Spirit; second, to the payment of any costs and expenses of such reletting, including brokerage and attorneys' fees and of costs of alterations and repairs; third, to the payment of rent due and unpaid; and, the residue, if any, to payment of future rent as it may become due and payable. *See* Lease, § 17.2.

24. Defendant's breach of the Lease has damaged Spirit in an amount to be proven at trial, which damages shall include past due rent and costs to alter, repair, and relet the Property, plus reasonable attorneys' fees and other costs incurred by Spirit in the enforcement of its rights.

25. Pursuant to section 22.14 of the Lease, interest shall accrue on monies owed by Defendant to Spirit under the Lease at the rate of one and a half percent (1.5%) per month.

## FIRST CLAIM FOR RELIEF

### (Breach of the Lease)

26. Spirit incorporates all prior allegations of the Complaint as if fully set forth herein.

27. As to Defendant's liability, the Lease is a valid, binding and enforceable agreement between Spirit and Defendant.

28. At all times relevant, Spirit has complied with all conditions precedent to the enforcement of its rights under the Lease.

29. Defendant breached section 3.1 of the Lease by failing to pay base monthly rent.

30. Defendant breached section 12.3 of the Lease by failing to maintain insurance on the Property.

31. Defendant breached section 23.3 of the Lease by failing to pay its share of the CAM Operating Expenses.

32. As a direct and proximate result of Defendant's breach of the Lease, Spirit has been damaged in an amount to be proven at trial, plus interest at the rate of 1.5% per month, and reasonable attorneys' fees and costs incurred by Spirit in the enforcement of its rights under the Lease.

## SECOND CLAIM FOR RELIEF

### (Unjust Enrichment)

33. Spirit incorporates all prior allegations of the Complaint as if fully set forth herein.

34. Spirit entered into the Lease with the reasonable expectation of payment from Defendant.

35. Defendant is being unjustly enriched by retaining, utilizing, and benefiting from the use of the subject property while failing to comply with the terms of the Lease.

5

36. As a direct and proximate result of Defendant's unjustified failure to comply with the terms of the Lease, Defendant is being unjustly enriched in an amount to be proved by the evidence to be established at a trial in this matter.

## ATTORNEYS' FEES

37. An award of reasonable and necessary attorneys' fees to Plaintiff is appropriate, would be equitable and just.

## CONDITIONS PRECEDENT

38. All conditions precedent have been performed, satisfied, have occurred or have been waived. Fed. R. Civ. P. 9(c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Spirit Master Funding VI, LLC prays that a judgment be entered in its favor and against Defendant on each claim asserted herein, and that the Court enter the following relief:

A. With respect to the First Claim for Relief, Spirit requests that judgment be entered in its favor and against Defendant awarding damages in an amount to be proven at trial, together with interest through the date of judgment, post-judgment interest, attorneys' fees and the costs of bringing this action as provided for under the Lease and pursuant to Mo. Rev. Stat. § 514.060;

B. With respect to the Second Claim for Relief, Spirit requests that judgment be entered in its favor and against Defendant awarding damages in an amount to be proven at trial, together with interest through the date of judgment, post-judgment interest, attorneys' fees and the costs of bringing this action as provided for under the Lease and pursuant to Mo. Rev. Stat. § 514.060;

C. Any such other and further relief the Court deems just and proper under the circumstances.

DATED this 6th day of November, 2015.

                                          Respectfully submitted,

                                          HELPERBROOM LLC

                                          */s/  Glenn Davis*
                                          Glenn Davis #30308MO
                                          211 North Broadway, Suite 2700
                                          St. Louis, MO  63102
                                          Telephone:  314-550-5122
                                          Facsimile: 314-241-6116
                                          glenn.davis@heplerbroom.com

                                                and

                                          BALLARD SPAHR LLP

                                          */s/  Craig Solomon Ganz*
                                          Craig Solomon Ganz (*pro hac vice* to be submitted)
                                          1 East Washington Street, Suite 2300
                                          Phoenix, AZ 85004
                                          Telephone:  602-798-5427
                                          Facsimile:   602-798-5595
                                          ganzc@ballardspahr.com

                                          **ATTORNEYS FOR PLAINTIFF,**
                                          **SPIRIT MASTER FUNDING VI, LLC**